IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MERLYN VANDERVORT and MVI ENTERPRISES, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) No. 2:14-CV-04014-NKL |
| v. | ) ) |
| NATIONSTAR MORTGAGE, LLC, | ) ) |
| Defendant. | ) ) ) |

**ORDER**

Defendant Nationstar Mortgage, LC, moves to exclude testimony of Plaintiffs' expert witnesses Doug Ross and Larry Lenhart, Docs. 57 and 59.  Plaintiffs move to exclude testimony of Defendant's experts, Doc. 63.  Defendant's motion to exclude Larry Lenhart, Doc. 57, is denied.  Defendant's motion to exclude Doug Ross, Doc. 59, and Plaintiffs' motion to exclude Defendant's experts, Doc. 63, are granted in part and denied in part.

**I.    Background**

Plaintiffs initiated this action alleging violations of the Fair Credit Reporting Act ("FCRA"), contending that Defendant refused to properly credit payments made on Plaintiff Merlyn Vandervort's loan accounts.  Plaintiffs seek to present the opinions of two expert witnesses regarding the effect of a bad credit report on Vandervort's ability to obtain loans and purchase properties at the Lake of the Ozarks.  Defendant seeks to

present two expert opinions regarding Vandervort's purported default on his loans and the effect of these defaults on Vandervort's credit report and ability to get subsequent loans.

**II.     Discussion**

*Daubert*[1] principles and Federal Rule of Evidence 702[2] call for liberal admission of expert testimony. *Johnson v. Mead Johnson & Co., LLC,* 754 F.3d 557, 562 (8th Cir. 2014) (citing *U.S. v. Finch,* 630 F.3d 1057, 1062 (8th Cir. 2011) (holding that doubts about usefulness of expert testimony are resolved in favor of admissibility); *Robinson v. GEICO Gen. Ins. Co.,* 447 F.3d 1096, 1100 (8th Cir. 2006) (holding that expert testimony should be admitted if it "advances the trier of fact's understanding to any degree"); *Lauzon v. Senco Prods., Inc.,* 270 F.3d 681, 686 (8th Cir. 2001) (Rule 702 "clearly is one of admissibility rather than exclusion"); *Wood v. Minn. Mining & Mfg. Co.,* 112 F.3d 306, 309 (8th Cir. 1997) (holding that exclusion of expert's opinion is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury"). "As long as

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).
[2] Fed. R. Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

the expert's . . . testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Id.* (citing *Daubert,* 509 U.S. at 590, 596). Federal trial judges have "broad discretion" in making decisions concerning expert testimony's admissibility. *Bradshaw v. FFE Transp. Servs., Inc.*, 715 F.3d 1104, 1107 (8th Cir. 2013).

### A. Defendant's Motion to Exclude Larry Lenhart

Plaintiffs seek to admit the testimony of Larry Lenhart regarding the effect of a negative credit report on Vandervort's ability to obtain loans. Defendant seeks to exclude Lenhart's Opinion 8:

> Based on Mr. Vandervort's credit reports that I reviewed, Mr. Vandervort would not be able to borrow money for speculative housing development or many other types of commercial loans, and he should not apply for such a loan until Nationstar Mortgage's negative payment history is removed. Except for Nationstar Mortgage's negative repayment history data, Mr. Vandervort's credit history is of the quality required to obtain a large commercial loan or multi-million dollar speculative construction loans.

[Doc. 58-1, p. 6].

Defendant contends that Lenhart's opinion must be excluded because he failed to follow his bank's lending methodology and failed to consider anything other than Vandervort's credit reports to conclude that his credit history was sufficient to obtain a large commercial loan. Specifically, Defendant cites Lenhart's statement in his deposition that "[w]ithout . . . seeing [Vandervort's] tax returns, his personal financial

3

Case 2:14-cv-04014-SRB   Document 82   Filed 01/05/15   Page 3 of 9

statements, or the financial statements of those entities that he would borrow under," Lenhart could not say how much his bank would lend to Vandervort.

While Defendant may be correct that Lenhart's opinion does not conclusively establish that Vandervort would have been able to acquire a large commercial or speculative construction loan, Lenhart's opinion as presented in his expert report does not claim that Vandervort would have been able to obtain such a loan. The opinion as rendered states that "Mr. Vandervort's *credit history* is of the quality required" to obtain a loan. [Doc. 58-1, p. 6] (emphasis added). Defendant presents no evidence that Lenhart's statement regarding the quality of Vandervort's credit history is inaccurate or unreliable. As such, Lenhart's opinion is admissible. Defendant may question Lenhart as to the effect of Vandervort's other financial history on his ability to actually obtain a loan on cross-examination.

### B. Defendant's Motion to Exclude Doug Ross

Plaintiffs also seek to admit the opinion of Doug Ross, who will testify as to the investment opportunities available at the Lake of the Ozarks at the time of Vandervort's negative credit report. Defendant asks that Ross's Opinions 3 and 5 be excluded. Plaintiffs withdraw Ross's Opinions 3 and 5 in their suggestions in opposition to Defendant's motion. As such, Defendant's motion to exclude Opinions 3 and 5 is granted. Defendant also seeks to exclude Ross's Opinion 1:

> Opportunities were available from 2011 to the present for a skilled builder of developer here at the Lake of the Ozarks to build "Spec" homes, or to buy distressed properties for rehabilitation and resell for a profit.

4

[Doc. 60-1, p. 3].

Defendant argues that Ross's inability to list properties available in 2011 or identify a methodology used to reach the conclusion that profit opportunities were available in 2011 makes the opinion inadmissible.

As Plaintiffs note, Ross's Opinion 1 is not a scientific or technical opinion. It is based on his experience and expertise dealing with the Lake of the Ozarks real estate market. Ross has significant experience in development, remodeling, and construction of luxury homes, which is the market in which Vandervort invested. It is not necessary that Ross identify a scientific methodology for calculating investment opportunities and profit margins in order for him to testify regarding his knowledge of the market and for-profit sales at the relevant time.

Furthermore, Ross identified the reasoning behind his opinion, including the relevant statistics as to the number of "spec" homes available for sale at Lake of the Ozarks in 2012 and 2013 that sold for over half a million dollars. He remarked on the market factors that made such investments and profits possible. The accuracy and reliability of Ross's opinion does not turn on his ability to identify specific addresses of properties available for sale in 2011. Even so, Ross was able to identify at least three specific development opportunities available around 2011: the Hampton Condominiums, the Atlas project, and a property owned by Dr. Hartzler in Cedar Crest. [Doc. 71-2, p. 26-27].

Defendant contends that Ross's opinion regarding the ability to resell "spec" homes for profit is entirely speculative, citing Ross's statement that "[i]t's a total gamble"

whether a developer will be able to make a profit upon resale of a property until after they sell it. However, Defendant's arguments as to Vandervort's inability to establish specific damages in the suit do not render Ross's opinion inadmissible. Ross's opinion states only that opportunities were available for developers to purchase properties and resell for a profit. He presents sufficient evidence of these investment opportunities and actual for-profit re-sales at Lake of the Ozarks from 2011 through the present to render his opinion admissible. Defendant may question Ross on cross-examination as to the speculative nature of property investments and difficulties predicting from the outset which properties will make and lose money. As Ross's testimony has "a reliable basis in [his] knowledge and experience of [the relevant] discipline," and is relevant to Plaintiffs' damages argument, Opinion 1 is admissible.[3] *Kumho Tire*, 526 U.S. at 149.

### C. Plaintiffs' Motion to Exclude Defendant's Experts

Defendant seeks to admit the expert testimony of Terry Goodman and Robert Shober. Plaintiff argues that these opinions are not admissible insofar as they opine on the credibility and sufficiency of the evidence, the legal effect of documents, and whether or not credit reporting is required by the FCRA.

In order for an expert opinion to be admissible under Federal Rule of Evidence 702, four requirements must be met: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to

---

[3] Defendant argues that it is clear that Plaintiffs will improperly attempt to combine Ross Opinion 1 and Lenhart Opinion 8 to claim lost profits for their damages claim. Whether such a combination is sufficient to establish damages is an issue that should be addressed in arguments at trial or in a motion for summary judgment, and does not constitute a basis to exclude either opinion.

6

Case 2:14-cv-04014-SRB   Document 82   Filed 01/05/15   Page 6 of 9

determine a fact at issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Experts are generally not permitted to opine on the witness's credibility, as it is "the exclusive function of the jury to weigh the evidence and determine credibility." *Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (8th Cir. 1995).

Plaintiff requests that a number of Goodman's statements be stricken, including his remarks that Vandervort's "claims are not consistent with the facts," "[b]efore [] Vandervort's claim may be considered credible, he should be required to provide a copy of [various documents]," and "Vandervort's claim for specific damages related to the missed investment opportunities is exaggerated and undocumented." These and related comments in which Goodman opines on the truth of Vandervort's statements or claims are inadmissible.

That is not to say, however, that Defendant's experts are prohibited from rendering opinions that are inconsistent with Vandervort's claims. For example, Goodman's statement that he "reviewed no documentation which indicated or confirmed that Nationstar forced MCI to sell either property via a short sale process," while contradictory to Vandervort's claim, is an admissible statement regarding Goodman's review and opinion of the evidence. Goodman's opinion that Vandervort's ability to obtain additional credit and take advantage of investment opportunities was not influenced by Nationstar's reporting is similarly admissible. Goodman's opinions must be limited to commentary based on his banking expertise and the facts of the case.

7

Goodman and Schober may not overtly comment on Vandervort or Nationstar's credibility, Vandervort's purported "exaggeration" of his damages, or the "insufficiency" of Vandervort's claims or the evidence presented by Plaintiffs.

Plaintiffs further contend that Defendant's experts should not be able to opine on the legal effect of documents in the case. Plaintiff cites multiple points in the experts' opinions where the experts state that amounts were not paid "as agreed," payments were not proffered "as required" by modification agreements, and loans were in "default." These opinions are rendered based on the experts' technical knowledge and background dealing with loan documents and contracts. Parties contest whether an undocumented loan modification was made prior to Vandervort's purported default on the loan. This does not mean, however, that Defendant's experts may not comment on the effect of the available documents in the absence of the contested modification. Plaintiffs may cross examine Defendant's experts about the original loan documents and the effect of any subsequent modification.

Defendant's experts may not, however, opine about the legal requirements of the FCRA. Neither Goodman nor Shober is a legal expert, and neither one of them claims to have any expertise related to the FCRA specifically. The statutory requirements of the FCRA are legal questions for determination by the Court.[4]

---

[4] Defendant argues that Plaintiffs' motion to exclude Defendant's experts should be stricken for failure to comply with the Local Rules regarding filing separate motions and suggestions in support and failure to include a table of authorities. As both mistakes constitute harmless error, Plaintiffs' motion will not be stricken.

8

## III. Conclusion

Defendant's motion to exclude Larry Lenhart, Doc. 57, is denied. Defendant's motion to exclude Doug Ross, Doc. 59, and Plaintiffs' motion to exclude Defendant's experts, Doc. 63, are granted in part and denied in part.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 5, 2015  
Jefferson City, Missouri